[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from an assessment of damages made by the defendant for the taking of a portion of her property in the Town of Bristol as shown on a map entitled: CITY OF BRISTOL MAP SHOWING LAND ACQUIRED FROM MAUREEN T. GHIO BY THE STATE OF CONNECTICUT WIDENING OF MIDDLE STREET (CONN. RTE 224) SCALE 1" 40' SEPTEMBER 25, 1989 ROBERT W. GUBALA TRANSPORTATION CHIEF ENGINEER — BUREAU OF HIGHWAYS." A copy of this map was introduced into evidence as Exhibit 1. The plaintiff's property and the portion taken were also described in the complaint.
The parties stipulated that the date of the partial take was June 28, 1990, that damages as assessed by the defendant in the sum of $45,625 were deposited by the defendant with the clerk of the superior court, and that said sum has been withdrawn by the plaintiff. It was also agreed that the area of the take was 0.062 of an acre, more or less, and that the defendant also acquired a temporary right to grade and a temporary right to construct driveway. The referenced map shows that these rights were over an area of 0.001 of an acre, more or less. A companion case, CV-91-0388388 Mobil Oil Corporation v. Commissioner Department of Transportation of the State of Connecticut, was withdrawn before trial. Mobil Oil Corporation was the lessee of a portion of the subject property.
The subject property before the take consisted of 2.583 acres of land, more or less, at the corner of Middle Street and Pine Street in Bristol. It is in a BB zone, described in the zoning regulations as a highway oriented business zone. It had 291.11 feet, more or less, fronting on Middle Street, and 262.66 feet, more or less, which included the curve at the corner, CT Page 9265 fronting on Pine Street. Before the take, there had been two gasoline stations operated on the subject premises. A Texaco self-service station was operated on a leased portion of the premises consisting of 0.307 of an acre, more or less, on Middle Street at the northwest corner of the subject premises. A Mobil full-service station was operated on a portion of the premises consisting of 0.506 of an acre, more or less, at the corner of Middle and Pine Streets at the southwest corner of the subject premises. The Texaco lease expired in 1989 and the station was not operating at the time of the take. The Mobil station continues to operate under a lease with options to renew extending to about the year 2000. A right of way is reserved over the southerly portion of the former Texaco site to provide access from Middle Street to the remaining 1.77 acres, more or less, of the subject premises. The plaintiff had plans to develop the 1.77 acre portion of the premises. Bristol is an industrial town in the central part of the state which has a relatively stable population. Middle Street (Connecticut Route 229) is a north-south access route to and from I-84 and Pine Street is an east-west artery carrying traffic to and from Route 72. The subject property has public water, sewer, gas, electricity and telephone service. It is more or less rectangular in shape and is substantially level. The area contains a mix of business and office sites with a few residential uses. The improvements on the Mobil site belong to the lessee. The improvements on the former Texaco site belong to the plaintiff. The buildings are not adversely affected by the take.
The highest and best use for the subject premises is for continuance of the two gasoline stations and development of the 1.77 acre portion to the east of the stations in accordance with the site plan developed for the plaintiff.
The take consists of a strip along the easterly side of Middle Street curving around the corner at the northeast corner of Pine Street and Middle Street. Within the area of the take were the following improvements: asphalt paving and curb, concrete pad and curb, eight poles, fixtures and wiring, advertising sign, frame and wiring, bases for poles and sign, stone in island, catch basin, wood stockade fence. Signs or the two gasoline stations will have to be relocated because of the take. The pump islands will have to be relocated for both stations as well. The lighting, curbs and paving will have to be reset or restored. The state also acquired the right to grade and to construct a driveway in an area of 0.001 of an acre. The take consists of 0.062 of an acre, or approximately 2700 square feet. Of this, 1785 square feet was taken from the site leased by Mobil and 915 square feet from the other gasoline station site. CT Page 9266
After the take, the subject property consists of 2.521 acres, more or less. It has 307 feet, more or less, of frontage on Middle Street and 239 feet of frontage, more or less, on Pine Street. There is less space between the building on the former Texaco site and the nearest relocated pump island so that only one automobile can get through between the island and the building.
C. Kevin Bokoske, a qualified real estate appraiser, was called as an expert witness by the plaintiff. He appraised only the two portions of the premises used as gasoline stations, and it was his opinion that those uses are the highest and best uses for those portions. He estimated damages or the portion taken only and did not estimate damages to the improvements and for the cost to cure. He used the income approach to estimate the value of the subject premises. Using discounted net income, he calculated the fair market value of the two parcels. He used his estimate of the market rental rate to arrive at an estimate of $1,500,000 for the fair market value of two gasoline station parcels. Using the rent fixed by the Mobil lease for the balance of its term, an estimate of the market rental rate for the following year and an estimate of the market rental rate for the former Texaco station, Bokoske estimated the fair market value of the two parcels to be $1,010,000. He did not make any estimate of the after take value, but he concluded that a value of $1,500,000 for the two pieces produced a value of $42.65 per square foot. The area taken consisted of about 2700 square feet and he estimated damages for the land only by multiplying by $42.65. Thus he estimated damages at $115,186 plus the damages to the improvements as computed by the defendant
Bokoske pointed out in his report that the reliability of the income approach depends upon the method of converting income to capital, the reasonableness of the estimate of annual income and the choice of the capitalization or discount rate. The Mobil lease has several years to run, although the plaintiff is attempting to renegotiate the terms. The other gasoline station had not been leased at the time of the take, although there were negotiations underway. Trying to predict future market rental rates is a speculative venture at best. The income approach to value does not seem to be appropriate in the case of this partial take and is of questionable worth when speculative rates and values are employed.
The defendant called Kay A. Molochko, a qualified real estate appraiser, as an expert witness. Molochko used the cost approach to value because she could find no sales of property which contained gasoline stations for lease, as to one of which the landowner owned both land and improvements. She opined that CT Page 9267 the highest and best use was continued use for two gasoline stations and development of the remaining portion of the premises for commercial use. It was Molochko's opinion that the take would not affect the two buildings on the subject premises. She used three sales in the vicinity of the subject premises to arrive at a value for land of $11.50 per square foot. Using the Marshall Valuation Service she determined that the value of the site improvements in the taking area was $14,523. The subject premises consisted of 112,515 square feet before the take. Molochko estimated the fair market value before the take by multiplying the total number of square feet by $11.50 and adding to the product the sum of $14,523. Her estimate was thus $1,308,500. After the take, the subject property contained 109,815 square feet. Molochko used the same unit value to estimate the fair market land value at $1,262,873. She estimated that it would cost $29,970 to remove, relocate and install new pump islands, lines, lights, poles and mats at the former Texaco station. Because the Mobil station was to be substantially upgraded, Molochko used 5% of the estimated cost of the work to be performed on that site, or $1,155. Therefore she estimated the cost to cure to be $31,125. Molochko subtracted the cost to cure from $1,262,873 to arrive at an estimated fair market value after the take of $1,231,748 which she rounded to $1,231,750. She estimated damages at $76,750.
In a condemnation proceeding the trial court is more than a trier of facts or an arbiter of differing opinions of witnesses. Ultimately the determination of value of property depends upon the considered judgment of the referee who considers the opinions expressed by the witnesses and the claims of the parties and then comes to his own conclusion.
The plaintiff is in substantial agreement with the defendant's estimate of damages to improvements within the take of $14,523 and does not contest this amount. She is also in substantial agreement with the defendant's estimate of the cost to cure of $31,125. The plaintiff contests only the defendant's estimate of the value of the land taken.
None of the sales of properties used by Molochko to arrive at a unit value for the land was being used as a gasoline station at the time of the sale, nor was such a use contemplated by the buyers. Gasoline station sites frequently command higher prices than other kinds of commercial sites. After having seen the property, and having given due consideration to the testimony of all of the witnesses and all of the evidence, and relying upon my own knowledge of the elements establishing values, I have concluded that the damages sustained by the plaintiff were $86,250. Judgment may enter for the plaintiff in the amount of $86,250, of which $45,625 was deposited with the CT Page 9268 clerk of the superior court, with interest on the excess of $40,625 from the date of taking to the date of payment, together with costs and an allowance towards her appraisal fees of $1,200.
GEORGE D. STOUGHTON State Trial Referee